# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00338-CR

**Hector Rodriguez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT**
**NO. D-1-DC-09-206418, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Hector Rodriguez was convicted of indecency with a child by exposure and sentenced to six years' imprisonment. At trial, the parents of Y.G., who was six years old at the time of the offense, testified that while they were riding the bus with Y.G. and her younger sister, they noticed that appellant had his pants unzipped. Appellant, who was sitting next to Y.G. and her mother, was looking at Y.G. while he masturbated, and Y.G.'s mother testified that Y.G. kept turning away and covering her face. Y.G.'s father got up and spoke to the bus driver, who stopped the bus, approached appellant, summoned the police by radio, and removed appellant from the bus. At punishment, the State presented evidence of four other instances in which appellant had exposed himself in public. Appellant did not testify at trial. Appellant's appointed attorney has filed a brief concluding that the appeal is frivolous and without merit.

Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 743-44 (1967), by presenting a professional evaluation of the record and demonstrating that there are no

arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant's attorney sent appellant a copy of the brief and advised him that he had the right to examine the record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). No pro se brief has been filed.

We have considered the record and counsel's brief and agree that the appeal is frivolous and without merit. In our review of the evidence presented to the jury and the procedures that were observed, we find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: February 25, 2011

Do Not Publish

_____

[1] Substitute counsel will not be appointed. Should appellant wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court overrules the last timely motion for rehearing filed. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.